# Exhibit C

## NOTIFICATION OF DISPOSITION OF COLLATERAL
(Pursuant to Sections 9611 and 9613 of the
California Uniform Commercial Code)

To: ACCS Corp.
SCH Corp.
American Corrective Counseling Services, Inc.
180 Avenida La Pata, Suite 200
San Clemente, AC 92673
Attention: Michael C. Schreck
Telephone: (949) 369-6210
Telecopier: (949) 369-6216

Kenneth B. Cera, Esq.
Schwartz & Cera LLP
350 Fifth Avenue, Suite 7106
New York, N.Y. 10118
Telephone: (212) 537-6269
Telecopier: (917) 591-5184

From: Levine Leichtman Capital Partners III, L.P., with an address of
335 North Maple Drive, Suite 240, Beverly Hills, CA 90210

Name of
Debtor: ACCS Corp., a Delaware corporation

ACCS Corp., a Delaware corporation (the "**Debtor**"), has granted to Levine Leichtman Capital Partners III, L.P., a California limited partnership (in its capacity as collateral agent for itself as the Purchaser, Levine Leichtman Capital Partners, Inc. and all other Indemnified Parties, the "**Secured Party**"), a security interest in and to the Pledged Stock (as defined and described below) as security for the payment, performance and observance of all obligations owing by the Debtor to the Secured Party. As the Secured Party has previously notified the Debtor, the Debtor has defaulted on certain of its obligations owing to the Secured Party. Unless otherwise indicated, capitalized terms used herein have the meanings set forth in the Pledge Agreement (as defined below).

**YOU ARE HEREBY NOTIFIED THAT**, pursuant to its rights under (i) that certain Pledge Agreement dated as of November 10, 2004 as amended (as so amended, the "**Pledge Agreement**"), between the Debtor and the Secured Party, and (ii) Division 9 of the Uniform Commercial Code of the State of California, it intends to sell the personal property described on **Exhibit A** attached hereto (the "**Pledged Stock**") in a private disposition to occur **on or after January 19, 2009 at 3:00 p.m. (PST) at the offices of Irell & Manella LLP, 1800 Avenue of the Stars, Suite 900, Los Angeles, California 90067.**

The Secured Party will sell the Collateral described above in public to the highest qualified bidder. The sale of the Collateral will be **AS IS, WHERE IS AND WITH ALL FAULTS**, and no representation or warranty is or will be made as to the Collateral. The Collateral will be sold as a block to a single purchaser and will not be split up or broken down. **THE COLLATERAL HAS NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED (THE "SECURITIES ACT"), OR REGISTERED OR QUALIFIED UNDER THE SECURITIES LAWS OF ANY STATE.** Accordingly, the purchaser of the Collateral will be required to represent, warrant

1996397.5 01

and covenant in writing to the Secured Party that (i) the Collateral is being acquired for such purchaser's own account and not with a view toward the sale or distribution thereof; (ii) the purchaser is an "accredited investor" as such term is defined in Rule 501(a) of Regulation D promulgated under the Securities Act, (iii) because the Collateral is not registered under the Securities Act or registered or qualified under any state securities laws, the purchaser will not offer or resell the Collateral unless pursuant to an effective registration statement under the Securities Act and registration and/or qualification under applicable state securities laws, or under a valid exemption from such registration and/or qualification; (iv) the purchaser (either alone or with the purchaser's attorneys, accountants and other advisors) has sufficient knowledge and experience in financial and business matters so as to be capable of evaluating the risks and merits of an investment in the Collateral; (v) the purchaser has sufficient financial means to afford the risk of an investment in the Collateral; and (vi) the purchaser has had an opportunity to review such financial information about the Collateral as is in the possession of the Secured Party. The Secured Party reserves the right to bid for and purchase the Collateral at the public sale. Notice may be placed on any certificates representing the Pledged Stock that the Pledged Stock constitutes "restricted securities" and may not be offered or resold unless pursuant to an effective registration statement under the Securities Act and registration and/or qualification under applicable state securities laws, or under a valid exemption from such registration and/or qualification.

You are entitled to an accounting of the unpaid indebtedness secured by the Pledged Stock that the Secured Party intends to sell. You may request an accounting by calling Jason Schauer at (310) 275-5335.

Dated: January 12, 2009          LEVINE LEICHTMAN CAPITAL PARTNERS, INC., a California corporation

                                 On behalf of Levine Leichtman Capital Partners III, L.P., a California limited partnership

                                 By: _____
                                     Arthur E. Levine
                                     President

# EXHIBIT A

## Pledged Stock

| Issuer | Class of Capital Stock | If Certificated, Certificate Number(s) | Number of Shares | Percentage of Outstanding Shares of Class of Capital Stock |
|---|---|---|---|---|
| American Corrective Counseling Services, Inc., a California corporation | Common Stock | 8 | 2,500 | 100% |
| American Corrective Counseling Services, Inc., a California corporation | Series A Redeemable Cumulative Preferred Stock | P-3 | 48,080.2942 | 100% |

The Pledged Stock shall also include:

a.  any and all certificates or other writings representing such Pledged Stock;

b.  any and all rights, powers, remedies and privileges of the Debtor under or with respect to any of the foregoing; and

c.  any and all proceeds of any of the foregoing (including, without limitation, any and all payments, dividends, distributions, cash, instruments, chattel paper and other property from time to time received, receivable or otherwise distributed in respect of or in exchange for all or any of the foregoing).

1996397.5 01