# Exhibit E

-----Original Message-----
From: Weintraub, William
Sent: Thursday, January 15, 2009 4:24 PM
To: 'Jason Schauer'
Cc: Kenneth Cera; Steinberg, Howard; Michael Schreck; Steve Hartman; Charles Jenkins; Kimberly Pollack
Subject: RE: accs

Hello Jason:

Thank you for taking the time to speak with me. I am glad we were able to talk. As you requested, this will confirm that the company has decided that it does not need dip financing at this time and that it believes it can operate by using cash. Among the problems with the proposal are the high cost of the financing, the wholesale roll-up of all of the pre-bankruptcy debt and the conversion of such debt into post-petition superpriority claims in exchange for what the company thinks is a comparatively small amount of unneeded funds, the aggressive surrender of any avoiding actions or proceeds, the priming of other liens without providing meaningful adequate protection to the holders of such liens, the low dollar threshold for an investigation of the liens, and the accelerated timeline for a plan without concurrent disclosure to the company of the plan term sheet you said LLCP has developed. As to this last point, you told me that upon receipt of this written response to the dip proposal, you would send the plan term sheet to me.

At this time, the company does not have a counter to your dip proposal other than it hopes LLCP will not try to block the company's use of any putative cash collateral. It is not in LLCP's interest if the business will not be harmed because the company cannot meet its payroll next week due to objections from LLCP.

We also discussed our view that post-bankruptcy payments by post-bankruptcy program participants are not proceeds of prepetition collateral, so that very soon the cash that the company generates will not be subject to LLCP's pre-bankruptcy security interest.

We hope that we can work something out, but, given the short time frame imposed by your notice of acceleration and foreclosure, and by today's email that further remedies will be sought, the company has to abide by LLCP's original demand that the company seek protection under chapter 11 before your sale set for January 19. We will be sending a letter shortly about the inadequate notice and commercial unreasonableness of that threatened sale and the company's objection to the inadequate notice and defective procedures.

Finally, I told you I thought that a respite from the impending bankruptcy filing so that perhaps a settlement could be reached or a more orderly chapter 11 filing could be arranged, would be in everyone's interest, but you explained why you felt LLCP could not agree to a standstill. In the meanwhile, although I have to focus on the first day papers, perhaps a less aggressive dip proposal from LLCP could get some traction for example if collections were readvanced as new loans and there was fee relief and some relief on the current payment of interest, but I do not have authority at this time to agree to anything like that. In any event, from our conversation, it sounded as if LLCP was not inclined to do something like that.

It would advance our overall discussions if you could provide the plan term sheet as promised.

Thanks.

Bill.