IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11<br>) Case No. 09-10198 (BLS)<br>)  |
| SCH Corp., et al.,[1], et al., | )<br>)<br>) (Jointly Administered) |
| Debtors. | )<br>) |

## ORDER CONFIRMING FIRST AMENDED PLAN OF LIQUIDATION OF SCH CORP., AMERICAN CORRECTIVE COUNSELING SERVICES, INC. AND ACCS CORP. UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

On November 2, 2009, the Court held its hearing (the "**Confirmation Hearing**") before the undersigned United States Bankruptcy Judge, on confirmation of the *First Amended Plan of Liquidation of SCH Corp., American Corrective Counseling Services, Inc. and ACCS Corp. Under Chapter 11 of the Bankruptcy Code* (the "**Plan**"), a copy of which is attached hereto as Exhibit A, filed by Levine Leichtman Capital Partners III, L.P. ("**LLCP**"). Appearances were made as reflected in the record of the hearing. On September 22, 2009, the Bankruptcy Court entered its *Order (A) Approving First Amended Disclosure Statement; (B) Fixing the Voting Record Date; (C) Approving Solicitation and Voting Procedures with Respect to Chapter 11 Plan; (D) Approving Form of Solicitation Package and Notices; and (E) Scheduling Certain Dates in Connection Therewith* (the "**Disclosure Statement Order**").

The Court has reviewed and considered the Plan, the Disclosure Statement, the affidavits of service (the "**Affidavits of Service**") filed in respect of the Disclosure Statement Order, the Disclosure Statement, LLCP's brief in support of confirmation of the Plan and the certificate of service thereof, the Affidavit of Jeffrey Pirrung in support of the Plan ("**Pirrung Affidavit**") and the Declaration of PA Class Counsel in Support of Confirmation of Plan and Findings as

---

[1] The Debtors in these cases are SCH Corp.; American Corrective Counseling Services, Inc.; and ACCS Corp.

Basis for Entry of Judgment Allowing Class Proof of Claim (the "**Declaration of PA Class Counsel**"), no objections to the Plan having been filed, and further considering other documents comprising the record in this case, the arguments and representations of counsel, and the evidence proffered and/or adduced at the Confirmation Hearing. Based upon that review and consideration, and after due deliberation thereon, the Court makes and issues the following findings of fact, conclusions of law and Order:[2]

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.  <u>Venue; Core Proceeding; Exclusive Jurisdiction</u>.  On the Petition Date, the Debtors commenced these chapter 11 cases (the "**Cases**") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors were qualified and are qualified to be debtors under Bankruptcy Code section 109(d). Venue was proper as of the Petition Date and continues to be proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2). The Court has jurisdiction over the Debtors' bankruptcy cases and the Estates pursuant to 28 U.S.C. §§ 157 and 1334, and the Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B.  <u>Judicial Notice.</u> The Court takes judicial notice of the docket in the Debtors' bankruptcy cases maintained by Clerk of the Court and/or its duly-appointed agent, including all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at the hearings held before the Court during the Debtors' bankruptcy cases,

---

[1]  This Order constitutes this Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, as made applicable by Bankruptcy Rule 7052 and 9014. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. <u>See</u> Fed. R. Bankr. P. 7052. Capitalized terms used but not defined otherwise defined herein shall have the meaning ascribed to them in the Plan.

including the hearing to consider the adequacy of the Disclosure Statement and the Confirmation Hearing.

C. **Burden of Proof.** LLCP, as proponent of the Plan, has the burden of proving the elements under Bankruptcy Code section 1129(a) and (b) by a preponderance of the evidence, and it has met that burden as further found and determined herein.

D. **Solicitation and Notice.** As evidenced by the Affidavits of Service, and as required by the Disclosure Statement Order, Administar has provided notice of the Administrative Claims Bar Date and the Confirmation Hearing and solicited ballots accepting or rejecting the Plan by timely transmitting the Disclosure Statement Order, the Disclosure Statement, the Plan, the Confirmation Hearing Notice, and, as appropriate, Ballots to accept or reject the Plan, and notices of non-voting status (collectively, the "**Solicitation Package**") to the holders of Administrative Claims, Claims and Equity Interests, in each case in accordance with the Disclosure Statement Order, the Federal Rules of Bankruptcy Procedure and the Bankruptcy Code. The notice given of the Confirmation Hearing was adequate and sufficient; no other notice need be given.

E. **Good Faith Solicitation.** Votes for acceptance and rejection of the Plan were solicited in good faith and in compliance with the Bankruptcy Code (including Bankruptcy Code sections 1126 and 1129), the Bankruptcy Rules (including Bankruptcy Rules 3017 and 3018), the Solicitation Order, and all other applicable statutes, rules, laws and regulations. Based on the record in the Debtors' bankruptcy cases, the Exculpated Parties have acted in "good faith" and in compliance with the applicable provisions of the Bankruptcy Code, within the meaning of Bankruptcy Code section 1125(e), are entitled to the protections thereof, and are entitled to the

protections contained in Articles 8.D and 8.E. of the Plan, which are reasonable and appropriate under the circumstances.

F.  <u>Acceptances to the Plan</u>.  As evidenced by the Pirrung Affidavit, pursuant to Bankruptcy Code sections 1124 and 1126, Classes 1, 2A, 2B, 3A, 3B, 4A, and 5, which are the only Classes entitled to vote on the Plan, have each accepted the Plan by more than two-thirds in amount and one-half in number.

G.  <u>Rejection of Executory Contracts and Unexpired Leases</u>.  The provisions of the Plan governing the rejection of executory contacts and unexpired leases satisfy the requirements of all applicable provisions of Bankruptcy Code section 365. Each rejection of an executory contract or unexpired lease under the Plan shall be legal, valid and binding upon the Debtors, the Estates, the Liquidating Debtors, all parties in interest and all non-debtor parties to such executory contract or unexpired lease, all to the same extent as if the rejection had been effectuated by motion.

H.  <u>Satisfaction of Confirmation Requirements</u>.  The Plan satisfies requirements for confirmation set forth in Bankruptcy Code Sections 1129(a) and (b), as set forth below:

a.  <u>11 U.S.C. § 1129(a)(1)</u>:  The Plan complies with all applicable provisions of the Bankruptcy Code, including Bankruptcy Code sections 1122 and 1123.

(i)  <u>11 U.S.C. § 1122</u>.  Each Claim or Equity Interest placed in a particular Class under the Plan is substantially similar to the other claims or interests in that Class. In addition, valid business, legal and factual reasons exist for the separate classification of each of the classes of Claims and Interests created under the Plan, and there is no unfair discrimination between or among holders of Claims and Interests.

(ii) <u>11 U.S.C. §1123</u>. Article 3 of the Plan classifies Claims and Equity Interests into twelve different Classes, specifies which claims are impaired and unimpaired, provides the same treatment for claims within each class (except to the extent agreed to by the holder of a claim), and provides adequate means for the Plan's implementation. 11 U.S.C. §1123(a)(1)-(5). The Plan does not propose the issuance of equity or other securities; accordingly the prohibition on issuance of nonvoting securities is inapplicable. 11 U.S.C. §1123(a)(6) The provisions of the Plan providing for the continuation of the Debtors' estates and the appointment of Carl Singley as Disbursing Agent and Responsible Officer, effective upon the Effective Date of the Plan, are consistent with the interests of creditors and public policy. 11 U.S.C. §1123(a)(7). The Plan contains other permissive provisions, which are appropriate pursuant to Bankruptcy Code section 1123(b) and not inconsistent with the Bankruptcy Code.

b. <u>11 U.S.C. § 1129(a)(2)</u>: LLCP has complied with all of the Bankruptcy Code's applicable provisions, including conducting the solicitation of acceptances and rejections of the Plan in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order.

c. <u>11 U.S.C. § 1129(a)(3)</u>: LLCP has proposed the Plan in good faith and not by any means forbidden by law. Among other things, the Plan, the Sale that preceded the Plan, and the agreements implemented by the Plan are all the result of extensive, arm's-length, good faith negotiations between and among the principal constituencies in this case, with the objective of ensuring that economic stakeholders of the estate realize the best possible recovery under the circumstances.

d.  <u>11 U.S.C. § 1129(a)(4)</u>:  The Plan appropriately provides for Court approval of all payments for services in connection with the Cases to be subject to Court approval as reasonable and therefore satisfies Bankruptcy Code section 1129(a)(4).

e.  <u>11 U.S.C. § 1129(a)(5)</u>:  The Plan and Disclosure Statement comply with Bankruptcy Code section 1129(a)(5) by virtue of the disclosure in the record of the Debtors' bankruptcy cases of the identity and affiliation of the individual proposed to serve, upon the Effective Date of the Plan, as the Responsible Officer, the Disbursing Agent, and the Litigation Designee.

f.  <u>11 U.S.C. § 1129(a)(6)</u>:  The requirements of Bankruptcy Code section 1129(a)(6) are not applicable to the Plan because the Debtors are not subject to any regulatory commission with jurisdiction over the rates of the Debtors, and because the Debtors have no operations and are being liquidated.

g.  <u>11 U.S.C. § 1129(a)(7)</u>:  Each entity that holds a Claim or Equity Interest in a Class that is impaired under the Plan either:  (a) has accepted the Plan; or (b) will receive or retain under the Plan property of a value, as of the Effective Date, that is not less than that entity would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code.  The members of Classes 1, 2A, 2B, 3A, 3B, 4A and 5, which are impaired under the Plan, have accepted the Plan.  The requirements of Bankruptcy Code section 1129(a)(7) are satisfied because the distributions under the Plan to any dissenting holder is not less than the amount that such holders would receive or retain if the Debtors were liquidated under chapter 7; and holders of Equity Interests under Class 8 are not receiving any distribution under the Plan and would not receive or retain any value in a chapter 7 case.

h. <u>11 U.S.C. § 1129(a)(8)/ 11 U.S.C. § 1129(b)</u>:

    i. Class 1 is impaired under the Plan and has voted to accept the Plan.

    ii. Classes 2A and 2B are impaired under the Plan and have executed a Plan Support Agreement and (consistent therewith) voted to accept the Plan.

    iii. Classes 3A and 3B are impaired under the Plan and have executed a Plan Support Agreement and (consistent therewith) voted to accept the Plan.

    iv. Class 4A is impaired under the Plan and has voted to accept the Plan.

    v. Class 4B is unimpaired under the Plan.

    vi. Class 5 is impaired under the Plan and has voted to accept the Plan.

    vii. Classes 6, 7, 8, and 9 (the "**Rejection Classes**") are impaired and have not voted to accept the Plan. These classes are impaired under the Plan and effectively will receive and retain no value under the Plan. The Rejection Classes are deemed to reject the Plan. Confirmation of the Plan, notwithstanding the deemed rejection of the Plan by Rejection Classes, is appropriate because, among other things, with respect to the Rejection Classes, no holder of any Claim or Interest that is junior to the Claims or Interests of such Class will receive or retain under the Plan on account of such junior Claims or Interests any property. Further, no Classes senior to the Rejection Classes will receive more than the full allowed amount of its Claims. The Court finds that the treatment of Rejection Classes satisfies the requirements of Bankruptcy Code section 1129; such treatment does not discriminate unfairly and is fair and equitable within the

meaning of Bankruptcy Code sections 1129(b)(2)(B) and 1129(b)(2)(C), respectively.

i. <u>11 U.S.C. § 1129(a)(9)</u>: The treatment of Administrative Claims and Priority Claims under the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(9). The Plan requires that all such Claims will be paid in full, except to the extent the holders of such Claims have agreed otherwise.

j. <u>11 U.S.C. § 1129(a)(10)</u>: Classes 1, 2A, 2B, 3A, 3B, 4A and 5 each of which is impaired and entitled to vote on the Plan, have voted to accept the Plan. The Plan therefore satisfies the requirements of Bankruptcy Code section 1129(a)(10).

k. <u>11 U.S.C. § 1129(a)(11)</u>: The Plan is feasible and therefore satisfies the requirements of Bankruptcy Code section 1129(a)(11). The Plan provides for the disposition of the Debtors' remaining assets and distributes the proceeds to the holders of Allowed Claims based upon any net recoveries realized from any General Litigation Recoveries.

l. <u>11 U.S.C. § 1129(a)(12)</u>: The Plan provides for payment in full of all Allowed Administrative Claims, which includes U.S. Trustee Fees arising under 28 U.S.C. § 1930. The Plan thus satisfies the requirements of Bankruptcy Code section 1129(a)(12).

m. <u>11 U.S.C. § 1129(a)(13)</u>: Because the Debtors do not have any "retiree benefits" as defined in section 1114 of the Bankruptcy Code, section 1129(a)(13) is inapplicable.

n. <u>11 U.S.C. § 1129(a)(14) and (15)</u>: These statutes apply only to individual debtors and thus are inapplicable to confirmation of the Plan.

o. <u>11 U.S.C. § 1129(a)(16)</u>: The requirements of Bankruptcy Code section 1129(a)(16) are not applicable to confirmation of the Plan because the Debtors are not nonprofit entities or trusts.

p. <u>11 U.S.C. § 1129(d)</u>: The requirements of Bankruptcy Code section 1129(d) are satisfied because the principal purpose of the Plan is not the avoidance of taxes.

I. <u>Retention of Jurisdiction</u>. The Court may properly retain jurisdiction over the matters set forth in Article 9 of the Plan.

J. <u>Releases and Related Provisions</u>. The releases contained in the Plan are, under the circumstances presented, fair, reasonable and necessary to the successful effectuation of the Plan.

K. <u>Fair and Equitable Settlement</u>. The settlement embodied by the Plan (including the settlements and treatment of the Class Action Claimants) is fair and equitable and reasonable under the circumstances and all such settlements have been entered into without fraud or collusion.

## ORDER

**NOW, THEREFORE, BASED UPON ALL OF THE FOREGOING, IT HEREBY IS ORDERED THAT**:

1. <u>Confirmation</u>. The Plan is approved and confirmed. The terms of each of the documents in the Plan, the Plan Supplement, and all exhibits and addenda thereto are approved, incorporated by reference into, and an integral part of the Plan.

2. <u>Objections</u>. No objections have been filed or raised at the Confirmation Hearing which were not otherwise withdrawn or resolved are overruled or have been withdrawn.

3. <u>Provisions of Plan and Order Nonseverable and Mutually Dependent</u>. The provisions of the Plan and this Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent.

4. <u>Record Closed</u>. The record of the Confirmation Hearing is closed.

5. <u>Notice</u>. Administar has provided good and sufficient notice of the Administrative Claims Bar Date, the Confirmation Hearing and the deadline for filing and serving objections to the Plan, which notice is hereby approved.

6. <u>Binding Effect and Validity</u>. The provisions of the Plan and this Order shall bind the Debtors, the Estates, the Responsible Officer, the Disbursing Agent, the Litigation Designee, and all holders of Administrative Claims, Professional Fee Claims, Claims against (including without limitation the Class Action Claimants) and Equity Interests in the Debtors, including their successors and assigns, whether or not the Claims or Equity Interests of these entities are impaired under the Plan, whether or not these entities have voted to accept or reject the Plan, and whether or not these entities have filed proofs of Claim or proofs of Interest in the Cases. Except as provided in this Order, each Plan term and provision, as it may be interpreted in accordance with the Plan, is valid and enforceable under its terms.

7. <u>Appointment of Responsible Officer and Disbursing Agent</u>. Carl Singley is appointed Responsible Officer and Disbursing Agent under the Plan, effective upon the Effective Date. The Letter Agreement and terms contained therein, a copy of which is attached hereto as Exhibit B, is hereby approved.

8. <u>Appointment of Litigation Designee</u>. After the date hereof, LLCP reserves the right to designate a person or entity (including without limitation Carl Singley) as the Litigation Designee under the Plan. Notwithstanding anything in the Plan to the contrary, in the event

LLCP designates a person or entity to be the Litigation Designee, then LLCP or NCG (and not the third party designee) shall be responsible for advancing the $50,000 funding for costs and expenses associated with pursuing the General Litigation in an amount and manner to be agreed between LLCP and any such third party designee. All such amounts shall be reimbursed to LLCP or NCG (as the case may be) from first dollars of any General Litigation Recovery obtained by the Litigation Designee (with respect to General Litigation other than the Mealing Litigation) LLCP with respect to the Mealing Litigation.

9. **Effectuation of the Plan**. The Debtors, the Responsible Officer, the Disbursing Agent, the Litigation Designee are authorized to execute and deliver any and all documents and instruments and take any and all actions necessary or desirable to implement the Plan and this Order and to effect any other transactions contemplated therein or thereby. To effectuate the Plan and such transactions, the officers or responsible representatives of the Debtors are authorized – without further notice or application to or order of the Court – to execute, deliver, file, or record such agreements or documents, and to take such other actions as any such individual may determine to be necessary or desirable to effectuate the Plan and such transactions, regardless of whether such actions or documents are specifically referred to in the Plan or this Order. To the extent that, under applicable non- bankruptcy law, any of these actions otherwise would require the consent or approval of the shareholders or boards of directors of the Debtors, this Order constitutes such consent and approval.

10. **Substantive Consolidation**. Upon the Effective Date, the Debtors' Estates and all of the debts of all of the Debtors will be substantively consolidated as set forth and for the described in the Plan. This Order shall not be interpreted or enforced in any way so as to enhance any cause of action, right, claim, lien, mortgage or security interest of the Debtors or

any Holder of a Secured Claim. Nothing herein shall be construed to: (i) alter the state of incorporation of any Debtor for purposes of determining the applicable law of any of the General Litigation, (ii) expand, alter or impair the legal and equitable rights of the Debtors to enforce any of the General Litigation, or of LLCP to pursue the Mealing Litigation as contemplated in the Plan, or (iii) otherwise impair, release, discharge, extinguish or affect any of the General Litigation or Mealing Litigation or issues raised as a part thereof.

11.  Treatment Is in Full Satisfaction. Except as otherwise agreed in writing and approved by the Court, the treatment set forth in the Plan is in full and complete satisfaction of the legal, contractual, and equitable rights (including any liens) that each Entity holding a Claim or an Interest may have in or against the Debtors, the Estates, the Liquidation Debtors, or their respective property. This treatment supersedes and replaces any agreements or rights those Entities may have in or against the Debtors, their Estates or their respective property.

12.  Cancellation of Interests. On the Effective Date, except to the extent provided otherwise in the Plan, all notes, instruments, certificates and other documents evidencing Claims and all Equity Interests in any of the Debtors shall be canceled and deemed terminated.

13.  Exculpation and Releases. The exculpation provisions and releases set forth in the Plan (including without limitation, Article 8.D and 8.E) are hereby approved.

14.  Binding Effect of Plan/Injunction. The injunctive provisions of the Plan (including without limitation of Article 8.F of the Plan setting forth the binding effect of the Plan) are approved in their entirety and are in full force and effect. Without limiting the generality of the preceding, except as otherwise expressly provided herein or in the Plan or in the Second Amendment, and except in connection with the enforcement of the terms of the Plan or any documents provided for or contemplated in the Plan, all Entities who have held, hold or may

hold Claims against or Equity Interests in the Debtors, the Liquidating Debtors or the Estates that arose prior to the Effective Date are permanently enjoined from: (a) commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against the Debtors, the Liquidating Debtors, the Estates, or any property of the Debtors, the Liquidating Debtors, or the Estates, with respect to any such Claim or Equity Interest, including without limitation the Class Actions; (b) the enforcement, attachment, collection or recovery by any manner or means, directly or indirectly, of any judgment, award, decree, or order against the Debtors, the Liquidating Debtors, the Estates, or any property of the Debtors, the Liquidating Debtors, or the Estates, with respect to any such Claim or Interest; (c) creating, perfecting or enforcing, directly or indirectly, any Lien or encumbrance of any kind against the Debtors, the Liquidating Debtors, the Estates, or any property of the Debtors, the Liquidating Debtors, or the Estates, with respect to any such Claim or Interest; (d) asserting, directly or indirectly, any setoff, right of subrogation, or recoupment of any kind against any obligation due the Debtors, the Liquidating Debtors, the Estates, or any property of the Debtors, the Liquidating Debtors, or the Estates, with respect to any such Claim or Interest; and (e) any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to such Claim or Interest.

15. <u>Releases.</u> The releases contained in the Plan are appropriate under Bankruptcy Code section 1123(b), are approved, and shall be effective in accordance with their terms. Any and all entities specified therein are permanently enjoined thereunder from commencing or prosecuting, directly, derivatively or otherwise any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or liabilities released or exculpated pursuant to these provisions and any other provisions of the Plan, including claims, obligations, suits,

judgments, damages, demands, debts, rights, causes of action or liabilities released under the Plan.

16. <u>Exemption from Certain Transfer Taxes</u>. In accordance with Bankruptcy Code section 1146(a) of the Bankruptcy Code, neither (i) the issuance, transfer or exchange of a security, nor (ii) the delivery of an instrument or transfer under the Plan or the Sale Order shall be taxed under any law imposing a stamp or similar tax, regardless, in the case of the transfers effectuated under the Sale Order, of the fact that such transfers occurred before entry of the Confirmation Order. All governmental officials and agents shall forego the assessment and collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without payment of such tax or other governmental assessment.

17. <u>Claims of Taxing Authorities</u>. Notwithstanding anything herein or in the Plan to the contrary, with respect to interest that is required to be paid to enable a creditor with an Allowed Claim to receive the present value of a tax claim, the rate of interest shall be the rate determined under applicable nonbankruptcy law in accordance with section 511 of the Bankruptcy Code. The rate of interest shall be determined as of the calendar month in which the Plan is confirmed.

18. <u>Executory Contracts and Unexpired Leases</u>. The rejection of executory contracts and unexpired leases as set forth in the Plan is approved. If the rejection of an executory contract or unexpired lease results in damages to the other party or parties to such contract or lease, any Claim for such damages, if not heretofore evidenced by a Proof of Claim that has been Filed, shall be forever barred and shall not be enforceable against the Debtors, the Estates, the Liquidating Debtors, or their properties, successors or assigns, unless a Proof of Claim is Filed and served upon (i) Responsible Officer, and (ii) any counsel for the Responsible Officer on or

before thirty (30) days after the later to occur of (i) the Effective Date; and (ii) the date of entry of an order by the Bankruptcy Court authorizing rejection of a particular executory contract or unexpired lease.

19. <u>Approval of Compromise and Settlement</u>.  The settlements embodied in the Plan (including without limitation the settlements with respect to the Class Action Claimants) are fair and equitable and satisfy the requirements for approval of settlements under the Bankruptcy Code and applicable law, including without limitation Rule 9019 of the Federal Rules of Bankruptcy Procedure and cases interpreting and implementing said rule, and all such settlements have been entered into without fraud or collusion.  **<u>Notwithstanding anything herein or in the Plan to the contrary, nothing in this Order, the Plan, Plan Supplement, the Disclosure Statement, the Judgment or any similar document or order shall be construed as or be deemed to be evidence of an admission or concession on the part of the Debtors, Levine Leichtman Capital Partners III, L.P., NCG, or any other person, party or entity of any claim or fault or liability or damages whatsoever, each of whom deny any and all wrongdoing or liability of any kind and does not concede any infirmity in the claims or defenses which it has asserted or could assert</u>**.

20. <u>Stay Relief</u>.  The automatic stay of section 362 of the Bankruptcy Code shall continue to apply to the Class Actions through and including the Effective Date of the Plan and may be extended for cause shown.

21. <u>Inconsistency</u>.  In the event of any inconsistency between the Plan and this Order, this Order shall govern; except in all cases the terms of the Second Amendment shall take precedence over the Plan and this Order in the event of any inconsistency between the Second Amendment and the Plan and/or the Order.

22. <u>Retention of Jurisdiction</u>. The Court shall retain jurisdiction as provided in the Plan.

23. <u>Notice of Confirmation Hearing and Notice of Effective Date</u>. No later than thirty (30) days after the occurrence of the Effective Date, there shall be filed with the Bankruptcy Court a notice of the entry of this Order Confirming Plan and the Effective Date of the Plan, which shall be served by U.S. mail upon (i) counsel for the Class Representatives; (ii) counsel for the Debtors; (iii) the U.S. Trustee; and (iv) any party who has filed a request for special notice in the Chapter 11 Cases.

24. <u>Entry of Judgment and Class Certification</u>. In accordance with paragraph 19, the Judgment Allowing Proof of Claim to be entered in conjunction with this Order and, in consideration of the prerequisites for certification of Bankruptcy Rule 7023 and F.R.C.P. 23, as addressed in the Declaration of PA Class Counsel [Docket No. 649], a class consisting of PA Class Claimants is hereby certified for purposes of the Judgment and its execution in accordance with the terms of the Plan. The class includes all individuals who have been notified by Debtor American Corrective Counseling Services, Inc. that they have or allegedly have violated the provisions of the Pennsylvania Crimes Code pertaining to the issuance of bad checks, 18 Pa.C.S. § 4105.

25. Article 7.B of the Plan is modified to incorporate therein, as an integral part of the Plan, the following new paragraph 4: "4. Second Amendment Payments to Law Firms. All amounts required to be paid to the Law Firms or escrowed with FK (as those capitalized terms are defined in the Second Amendment) pursuant to the terms of the Second Amendment shall have been paid in full to the Law Firms or wired into escrow with FK. The provisions of this paragraph may not be waived by LLCP." The foregoing modification is not a material

modification of the Plan and does not require resolicitation of votes on the Plan or otherwise cause the Plan to fail to meet the requirements of sections 1122 and 1123 of the Bankruptcy Code.

Dated: November 2, 2009
       Wilmington, Delaware

                                                  THE HONORABLE BRENDAN L. SHANNON
                                                  UNITED STATES BANKRUPTCY JUDGE